IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN JACOBS AS SUCCESSOR TRUSTEE OF THE JACKLYN AND WILLIAM MACMILLAN REVOCABLE TRUST, | No. 85670-7-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| LYNN MCKINNEY, and all other occupants, | |
| Appellant. | |

BOWMAN, J. — Lynn McKinney appeals the findings of fact, conclusions of law, judgment, and order for writ of restitution evicting her from rental property in Mukilteo. McKinney argues that substantial evidence does not support the trial court's order. We affirm.

FACTS

William and Jacklyn MacMillan owned a residential house at 10218 63rd Place West in Mukilteo. In October 1997, the MacMillans rented the house to McKinney. The parties executed a month-to-month rental agreement. In 2008, the MacMillans placed the property in the "Jacklyn and William MacMillan Revocable Trust." The trust named the MacMillans as the trustees and certified public accountant John Jacobs as the successor trustee. In 2015, Jacklyn[1] died.

---

[1] We refer to Jacklyn and William MacMillan by their first names when necessary for clarity and mean no disrespect by doing so.

William later appointed Norman Mass as the power of attorney for the trust. In 2022, William died.

In February 2022, Mass called McKinney to inform her that she needed to vacate the property because William passed away, and that the property would be sold. On June 30, 2022, Jacobs on behalf of the trust served McKinney with a 90-day eviction notice. The notice explained that the "tenancy is being terminated for the purpose of the landlord selling the property." McKinney doubted the notice's authenticity, so she did not vacate the property. Instead, McKinney investigated the notice and contacted the Mukilteo Police Department to report it as fraud.

In May 2023, the trust sued McKinney for unlawful detainer, alleging that it served McKinney with a 90-day notice to vacate, but that she refused to leave and remained unlawfully in possession of the property.[2] Soon after, the trust moved for an order to show cause as to "(1) Why a Writ of Restitution should not be issued restoring to the Plaintiff possession of the premises," and "(2) Why a Judgment should not be entered against the Defendant for rent owing, attorney fees, and costs."

In July 2023, the trial court held a hearing on the show cause motion. At the hearing, Jacobs argued that the trust owns the property, and that it properly served McKinney with a 90-day eviction notice. McKinney testified that the

---

[2] Earlier, in November 2022, the trust filed a complaint for ejectment against McKinney. McKinney answered the complaint and acknowledged that she had entered into a rental agreement for the property, claiming rights under the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW. This unlawful detainer action followed.

eviction notice was insufficient because Jacobs did not provide "authorization" of his identity.

The trial court issued written "Findings of Fact and Conclusions of Law and Judgment and Order for Writ of Restitution." It found that the trust properly served McKinney with a 90-day notice to terminate her tenancy and vacate the property, but that McKinney failed to vacate and had unlawfully occupied the premises since October 2022. The court concluded that McKinney was in unlawful detainer of the property and that the trust was entitled to possession. It ordered that a writ of restitution issue and entered judgment against McKinney for the trust's attorney fees and costs. It reserved judgment for unpaid rent and other damages.

McKinney appeals.

ANALYSIS

McKinney contends that substantial evidence does not support the trial court's findings, conclusions, judgment, and order for writ of restitution.[3] We disagree.

We review challenged factual findings in an unlawful detainer action for substantial evidence. *Tedford v. Guy*, 13 Wn. App. 2d 1, 12, 462 P.3d 869 (2020). Substantial evidence is "evidence sufficient in quantum to persuade a fair-minded person that a given premise is the truth." *Phillips v. Hardwick*, 29 Wn. App. 382, 387, 628 P.2d 506 (1981). Unchallenged factual findings are

---

[3] Jacobs argues that this case is moot. He says the trust sold the property, and "the money judgment was vacated upon motion," so we can no longer grant relief. But the record contains no evidence of a sale or an order vacating the judgment. As a result, we address McKinney's arguments on their merits.

verities on appeal. *Tedford*, 13 Wn. App. 2d at 12. We review legal conclusions de novo. *Id.*

Chapters 59.12 and 59.18 RCW govern unlawful detainer actions, and we strictly construe the statutes in the tenant's favor. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 156, 437 P.3d 677 (2019). An unlawful detainer action is "a statutorily created proceeding that provides an expedited method of resolving the right to possession of property." *Id.* To evict a tenant, the landlord must serve the tenant with an eviction notice. *Id.* And the written notice must include the known "facts and circumstances" that support the cause for termination "with enough specificity so as to enable the tenant to respond and prepare a defense to any incidents alleged." RCW 59.18.650(6)(b).

Landlords generally may not terminate a tenancy without cause. RCW 59.18.650(1)(a). And the RLTA provides an exclusive list of reasons that amount to good cause for eviction. RCW 59.18.650(2). One of those reasons is when a landlord intends to sell the property and serves the tenant with a 90-day written notice to vacate the dwelling. RCW 59.18.650(2)(e).

After a landlord properly terminates a rental agreement, it is unlawful for a tenant to hold over on the property. RCW 59.18.290(2). If a tenant unlawfully remains on the premises, the landlord may sue for an order that the tenant is in unlawful detainer of the property and apply for a writ of restitution to physically evict the tenant. RCW 59.18.370; *Harmon*, 193 Wn.2d at 156-57.

To obtain a writ of restitution, a landlord must request a show cause hearing—a summary proceeding to determine the issue of possession pending a

lawsuit.  *Harmon*, 193 Wn.2d at 157.  At the show cause hearing, "the court examines the parties and decides whether the case should proceed to trial or whether the landlord is entitled to a writ of restitution on the merits of the complaint and answer."  *Garrand v. Cornett*, ___ Wn. App. 2d ___, 550 P.3d 64, 70 (2024).  It is the landlord's burden to prove the right of possession by a preponderance of the evidence.  *Id.*  If the court determines that "there are no substantial issues of material fact regarding possession and that the landlord has the right to be restored possession of the property," it may order a writ of restitution.  *Id.*; RCW 59.18.380.

Here, the trial court found that the trust properly served McKinney with a 90-day eviction notice, but that McKinney failed to vacate and unlawfully possessed the property.  It concluded the trust was entitled to possession of the property and issued a writ of restitution.  The trial court did not err.  *See Garrand*, 550 P.3d at 70 (Where there are no substantial issues of material fact about property possession and the landlord has the right to be restored possession, the court may order a writ of restitution.).

Still, McKinney argues that substantial evidence does not support the trial court's finding that Jacobs was a successor trustee entitled to represent the interests of the trust.[4]  McKinney argues that the trial court "established Jacobs as the Successor Trustee without substantial legal evidence, relying on his written claims and through testimony through his attorney alone."  But the record

---

[4] McKinney also argues that Jacobs needed to record his appointment as successor trustee before the court could issue a writ of restitution.  But she provides no legal support for this argument.  We do not consider arguments unsupported by legal authority.  *See* RAP 10.3(a)(6).

shows that the trust owns the property and that Jacobs is the successor trustee. Specifically, a Snohomish County "Property Account Summary" establishes that in 2008, the MacMillans transferred the property into a revocable trust. And the trust document itself provides that Jacobs is the successor trustee of the revocable trust. Substantial evidence supports finding that Jacobs, as successor trustee, could seek possession of the trust's property.

Because substantial evidence supports the trial court's findings, we affirm the judgment and order for writ of restitution.

Birk, J.

WE CONCUR:

Feldman, J.

Hazelrigg, A.C.J.